UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENE NEVILLE HALL III,<br><br>    Petitioner<br><br>    v.<br><br>SCOTT KERNAN,<br><br>    Respondent. | Case No. EDCV 16-1448-FMO (GJS)<br><br>ORDER TO SHOW CAUSE RE: DISMISSAL FOR UNTIMELINESS |

On July 5, 2016, Petitioner filed a 28 U.S.C. § 2254 habeas petition in this district ("Petition"). The Petition stems from Petitioner's October 2010 convictions in Riverside County Superior Court Case No. SWF018032 for multiple counts of aggravated sexual assault on a child and forcible oral copulation on a child (the "State Conviction"). (Petition at 2.)

Petitioner appealed the State Conviction. His appeal was unsuccessful and concluded on February 13, 2013, when the California Supreme Court denied review. (Petition at 2-3.)[1]

---

[1] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court has reviewed the dockets available electronically for the Riverside County Superior Court, the California Court of Appeal, and the California Supreme Court, which confirm Petitioner's allegations regarding his state appeal and post-conviction filings for the most part.

1    Over a year and a half later, on September 4, 2014, Petitioner filed a habeas
2    petition in Riverside Superior Court Case No. RIC-1408624, which the trial court
3    denied on September 8, 2014. (Petition at 3-4.) Petitioner does not allege that he
4    filed a habeas petition in the California Court of Appeal, and the state appellate
5    court's dockets do not show any such filing.

6    Several months later after the trial court denied habeas relief, Petitioner, through
7    counsel, filed a habeas petition in the California Supreme Court (Case No.
8    S223593). The California Supreme Court received the petition on December 5,
9    2014, but it was missing a signature. On January 5, 2015, the petition was formally
10    filed. On March 11, 2015, the California Supreme Court denied the petition without
11    comment or citation to authority.

12    Over 15 months passed. On June 28, 2016, Petitioner mailed the Petition to the
13    Court, and the Clerk's Office received it on July 1, 2016. Pursuant to the "mailbox
14    rule," the Court will deem the Petition to have been "filed" on June 28, 2016. *See*
15    *Campbell v. Henry*, 614 F.3d 1056, 1058-59 (9th Cir. 2010); Rule 3(d) of the Rules
16    Governing Section 2254 Cases in the United States District Courts.

## THE PETITION

19    Grounds One through Four of the Petition are versions of evidentiary and
20    instructional error claims that Petitioner raised in his direct appeal. In Ground One,
21    Petitioner complains that his convictions are supported only by "generic testimony"
22    in violation of federal due process. In Ground Two, Petitioner asserts that, by
23    admitting testimony about his prior sexual acts with children and allowing the jury
24    to use such evidence to infer his guilt, the trial court violated his federal rights to a
25    fair trial, due process, and equal protection. In Ground Three, Petitioner contends
26    that he was deprived of his federal rights to due process and a fair trial, because the
27    jury was allowed to rely on prejudicial other crimes evidence to support the charged
28    offenses. In Ground Four, Petitioner complains that the trial court failed to

1 accurately instruct the jury that the crime of aggravated sexual assault on a child
2 requires force, violence, duress, menace, or fear, and this omission violated his
3 federal rights to due process and a fair trial.
4     Petitioner asserts a fifth claim, which he admits he has not raised in the
5 California Supreme Court. (Petition at 6-7.) As Ground Five, Petitioner pleads a
6 freestanding "actual innocence" claim. He alleges that he is innocent of the crimes
7 of which he was convicted and that his continued deprivation of liberty violates the
8 Cruel and Unusual Punishment Clause of the Eighth Amendment. He expressly
9 states that he bases Ground Five upon his allegations made in connection with
10 Grounds One through Four – the claims he raised on direct appeal – and that
11 "[t]here are 'no new facts.'" (Petition at 7; *see also id.* at Attachment 7-a.)
12
13 **THE PETITION IS "MIXED"**
14     The Petition, on its face, is "mixed," *i.e.,* contains an unexhausted claim (Ground
15 Five). Although Petitioner apparently contends that Ground Five is "properly
16 exhausted," because the claim relies upon the same factual matters alleged in
17 support of Grounds One through Four, he is mistaken. Ground Five asserts a wholly
18 different legal theory than the legal theories raised through Grounds One through
19 Four, and Petitioner admits that he has not presented the Ground Five legal theory to
20 the California Supreme Court. As a result, his "actual innocence" claim is
21 unexhausted. *See, e.g., Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008) (to fairly
22 present a claim to the California Supreme Court, the petitioner must describe not
23 only the operative facts but also the federal legal theory on which the claim is
24 based); *see also Gray v. Netherland*, 116 S. Ct. 2074, 2081 (1996).
25     When a Section 2254 petition is determined to be mixed, the petitioner may
26 request to exercise one of various options potentially available to him, including to
27 dismiss the unexhausted claim or have one of two types of stay and abeyance
28 procedures invoked. Rather than proceed down that route, however, the Court will

1 reserve any further action on the exhaustion issue, because another, more
2 significant, defect appears to exist. Namely, for the reasons set forth below, the
3 Petition, on its face, plainly is untimely.

## DISMISSAL APPEARS WARRANTED DUE TO UNTIMELINESS

The one-year limitations period that governs the Petition is set forth in 28 U.S.C. § 2244(d)(1). The California Supreme Court denied review on February 13, 2013, 1998, and there is no evidence that Petitioner sought a writ of certiorari in the United States Supreme Court. Accordingly, for federal statute of limitations purposes, Petitioner's state conviction became "final" 90 days later, *i.e.*, on May 14, 2013. *See* 28 U.S.C. § 2244(d)(1)(A); *Zepeda v. Walker*, 581 F.3d 1013, 1016 (9th Cir. 2009). Therefore, Petitioner had until May 14, 2014, to file a timely federal habeas petition. The instant Petition was not "filed" until June 28, 2016, and thus, it was untimely by over two years and one month, absent tolling.

Section 2244(d)(2) suspends the limitations period for the time during which a "properly-filed" application for post-conviction relief is "pending" in state court. In addition, in appropriate circumstances, gap tolling may be afforded "during the intervals between the denial of a petition by one court and the filing of a new petition at the next level, if there is not undue delay." *Biggs v. Terhune*, 339 F.3d 1045, 1046 (9th Cir. 2003); *see also Carey v. Saffold*, 122 S. Ct. 2134, 2137-41 (2002).

Petitioner did not seek post-conviction relief within the meaning of Section 2244(d)(2) until he filed his trial court habeas petition on September 4, 2014 – nearly four months after his limitations period already had expired. Even assuming Petitioner mailed his trial court habeas petition some days before September 4, 2014, and he thus could receive the benefit of the mailbox rule, there is no reason to believe that an application of the mailbox rule would have any effect, given that the limitations period expired in mid-May 2014. As a result, neither that initial trial

4

court habeas petition nor the California Supreme Court petition that followed it can serve as a basis for Section 2244(d)(2) statutory tolling. *See, e.g., Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003) ("because [petitioner] did not file his first state petition until after his eligibility for federal habeas had already elapsed, statutory tolling cannot save his claim in the first instance"); *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"); *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001) (state habeas petition filed "well after the AEDPA statute of limitations ended" did not save federal petition from being untimely). Because Section 2244(d)(2) statutory tolling is not available here, Petitioner's limitations period expired on May 14, 2014.[2]

In addition to statutory tolling, the limitations period for Section 2254 petitions is subject to equitable tolling in appropriate circumstances. *Holland v. Florida*, 130 S. Ct. 2549, 2560-62 (2010). However, application of the equitable tolling doctrine is the exception rather than the norm. *See, e.g., Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009) (characterizing the Ninth Circuit's "application of the doctrine" as "sparing" and a "rarity"); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) ("equitable tolling is unavailable in most cases"). A habeas petitioner may receive equitable tolling only if he "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 130 S. Ct. at 2562 (citation omitted); *see also*

---

[2] Significantly, the Petition would remain untimely even if there could be some reason to toll the over one-and-a-half year time gap between the February 20, 2013 denial of the petition for review and the September 4, 2014 filing of the trial court habeas petition, and Petitioner then could receive gap tolling for the period between the September 8, 2014 denial of that trial court habeas petition and the January 5, 2015 filing of his California Supreme Court habeas petition. The California Supreme Court denied habeas relief on March 11, 2015, but Petitioner delayed over 15 months (until June 28, 2016) before mailing the instant Petition, and thus, his one-year statute of limitations would have expired in the interim.

*Pace v. DiGuglielmo*, 125 S. Ct. 1807, 1814 & n.8 (2005). Both elements must be met. *Id.* at 1814-15 (finding that the petitioner was not entitled to equitable tolling, because he had not established the requisite diligence). A petitioner seeking application of the doctrine bears the burden of showing that it should apply to him. *Id.*; *see also Lawrence v. Florida*, 127 S. Ct. 1079, 1085 (2007) (observing that, to receive equitable tolling, the petitioner must prove the above two requirements).

Nothing in the Petition addresses, or satisfies, these requirements. Moreover, it is improbable that Petitioner could satisfy the diligence requirement even with further record development. Grounds One through Four of the Petition are based on claims raised in, and exhausted through, Petitioner's direct appeal. Petitioner filed his opening brief on February 11, 2012, which asserted Grounds One through Three, and a copy of it was mailed to Petitioner two days earlier. (*See* copy of opening brief appended as Exhibit 1 to the Memorandum filed concurrently with the Petition.) Petitioner filed a supplemental opening brief on September 19, 2012, which asserted Ground Four, and a copy was mailed to him on that date. (*See id.*, Exhibit 3.) Thus, as of September 2012, Grounds One through Four were formulated and known to Petitioner. As of February 13, 2013, these four claims were exhausted and ready to be presented in federal court, yet Petitioner delayed well over two years before filing the Petition. Moreover, after the California Supreme Court denied his habeas petition on March 11, 2015, Petitioner inexplicably delayed over 15 months before mailing the instant Petition.[3] Under these circumstances, the diligence requirement cannot be satisfied.

Even if Petitioner is not entitled to receive equitable tolling, there is an "actual innocence" equitable exception to the statute of limitations, as explained by the

---

[3] Petitioner's state habeas petitions alleged an ineffective assistance of counsel claim not asserted in this action. (*See* Petition at 4.) But even if Petitioner had been considering raising that claim here and thus needed to exhaust it first, there is no tenable reason for him to delay over 15 months before seeking federal habeas relief.

6

Supreme Court in *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013), and Petitioner does raise an "actual innocence" assertion through Ground Five, which he alleges is made under *Schlup v. Delo*, 115 S. Ct. 851 (1995). In *Schlup*, the Supreme Court addressed whether a petitioner's assertion of actual innocence could permit him to avoid application of the procedural default doctrine, *i.e.*, the bar to considering federal habeas claims that have been forfeited under a state law procedural bar rule. The Supreme Court found that a miscarriage of justice exception exists in the procedural default context and is governed by the test set forth in *Murray v. Carrier*, 106 S. Ct. 2639 (1986). *Schlup*, 115 S. Ct. at 867. Under this standard, to state a valid claim of "actual innocence" sufficient to avoid a procedural bar, a petitioner must produce "new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial." *Id.* at 865. The reviewing tribunal must "consider the probative force of relevant evidence that was either excluded or unavailable at trial." *Id.* at 867. The reviewing court must consider all the evidence, both that admitted at trial and "evidence tenably claimed to have been wrongly excluded or to have become available only after the trial." *Id.* Under the "newly supplemented record," a federal habeas court then "assess[es] how reasonable jurors would react to" the overall record with the inclusion of the new, reliable evidence. *House v. Bell*, 126 S. Ct. 2064, 2078 (2006).

In *McQuiggin*, the Supreme Court held that a viable showing of "actual innocence" – as the actual innocence standard has been articulated in *Schlup* and *House* – can serve as a "gateway through which a petitioner may pass" when faced with the expiration of his limitations period. 133 S. Ct. at 1928. The Supreme Court emphasized that "tenable actual-innocence gateway pleas are rare," the standard for meeting this equitable exception is demanding and seldom met, and the timing of the petition is to be considered as a factor bearing on the reliability of the new evidence purporting to show actual innocence. *Id.* at 1928; *see also id.* at 1935

7

("Unexplained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing."). This "demanding" standard requires a petitioner to "'show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence'" and to "present 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial'" *Id.* at 1935-36 (quoting *Schlup*).

Although Petitioner asserts "actual innocence," he does not make the showing required under the governing law, nor can he do so. The *Schlup* gateway test requires the presentation of "new reliable evidence," which then is compared to the evidence presented at trial. Petitioner, however, does not proffer any such new reliable evidence as required by *Schlup*, *House*, and *McQuiggin*. In fact, Petitioner does precisely the opposite, insisting that his Ground Five "actual innocence" argument rests entirely on the trial record evidence argued in connection with Grounds One through Four on appeal and that "[t]here are 'no new facts'" to support his actual innocence claim. (Petition at 7; *see also id.* at Attachment 7-a, stating that "Petitioner relies upon GROUNDS ONE THROUGH FOUR as the FACTS underlying" Ground Five.) Because Petitioner's "actual innocence" argument is based entirely upon the evidence presented at trial, it cannot satisfy the *Schlup* standard as a matter of law and, thus, cannot serve as an equitable exception to the statute of limitations under *McQuiggin*.

In sum, it is plain that the Petition is untimely by over two years. District courts are permitted to consider, *sua sponte*, whether a petition is untimely and to dismiss a petition that is untimely on its face after providing the petitioner with the opportunity to be heard. *Day v. McDonough*, 126 S. Ct. 1675, 1684 (2006); *Wentzell v. Neven*, 674 F.3d 1124, 1126 (9th Cir. 2012). Accordingly, Petitioner is ORDERED TO SHOW CAUSE why this action should not be dismissed on the ground of untimeliness. By no later than August 15, 2016, Petitioner shall file a response to this Order To Show Cause. If Petitioner concedes that this action is

untimely, he shall state this concession clearly.  If Petitioner disputes that this action is untimely, he must explain clearly and in detail why it is not untimely, and provide any available competent evidence that establishes the timeliness of this action.

**Petitioner is explicitly cautioned that his failure to comply with this Order will be deemed to constitute a concession that this action is untimely and may be dismissed on that ground.**

IT IS SO ORDERED.

DATED:  July 7, 2016.

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE